# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| In re: | ) | Case No. 1:10-bk-17990 |
| | ) | |
| Alicia Taquilla Stokes | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor | ) | **Hon. Burton Perlman** |
| _____ | ) | U.S. Bankruptcy Judge |

## <u>MOTION TO DETERMINE EXCESSIVENESS OF ATTORNEY FEES PURSUANT TO 11 U.S.C. § 329 AND MEMORANDUM IN SUPPORT</u>

Daniel M. McDermott, the United States Trustee for Region 9, ("UST"), respectfully moves this Court for review of the attorney fees charged in this case pursuant to 11 U.S.C. § 329, and for an Order that any excessive amounts be disgorged.

Dated: <u>March 7, 2011</u>    Respectfully Submitted:

        Daniel M. McDermott
        United States Trustee
        Region 9

        By:    <u>/s/ Monica V. Kindt</u>
               Monica V. Kindt (#0073085)
               Assistant U.S. Trustee
               United States Department of Justice
               Office of the United States Trustee
               36 East Seventh Street, Suite 2030
               Cincinnati, Ohio 45202
               Telephone:  (513) 684-6988, ext. 226
               Facsimile:  (513) 684-6994
               E-mail: monica.kindt@usdoj.gov

## MEMORANDUM OF LAW

### I.  INTRODUCTION

The Motion of the United States Trustee is made pursuant to 11 U.S.C. § 329 and the duties set forth in 28 U.S.C. § 586. The United States Trustee asserts that the attorney fees requested are not appropriate based upon the facts of this case and the Motion to Dismiss case, filed by the United States Trustee on February 9, 2011 (Doc. #14).

### II.  SUMMARY OF FACTS

This case was filed on November 23, 2010 by Cleveland, Ohio attorney Diana Khouri.  The original meeting of creditors was scheduled for December 29, 2010, before Trustee Thomas J. Geygan, Sr.  The Debtor and her attorney failed to attend on December 29th, so the meeting was continued to February 9, 2011.

The Debtor appeared on February 9, 2011, with an attorney named Carl Lux.  Once again, the attorney of record, Diana Khouri failed to attend.  The Trustee became concerned that Mr. Lux was not admitted to practice before the United States District Court for the Southern District of Ohio.  Therefore, the Trustee felt it prudent not to proceed without Ms. Khouri present.  The Trustee continued the meeting of creditors to February 23, 2011, but no party appeared on that day either.  To date, the meeting of creditors has not been held.

Subsequent to the meeting of creditors, the Assistant United States Trustee met with the Chapter 7 Trustee to review the facts of this case.  Thereafter, on February 9, 2011, the Assistant U.S. Trustee forwarded correspondence to Attorney Khouri, requesting information about this case.  The correspondence requested that Counsel respond within fourteen (14) days.  Additionally, the United States Trustee moved to dismiss the above referenced case on February 9th (Doc. # 14) and no response has been filed to date.

To date, the United States Trustee has not heard from Ms. Khouri and is concerned about the representation in this case and other cases that might be pending.  According to the Disclosure of Attorney Compensation form that was filed with the petition, Ms. Khouri charged the Debtor $899 to represent her in this case.

### III.  LEGAL ANALYSIS

Bankruptcy courts have "broad and inherent authority to deny any and all compensation

where an attorney fails to satisfy the requirements of the Code and Rules."[1] Under 11 U.S.C. § 329(b), bankruptcy courts may review fee arrangements and fees received by bankruptcy practitioners in bankruptcy cases. Section 329(b) provides that if, "such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive to…the entity that made such payment."

Section 329(b)'s examination is considered under a reasonableness standard and the Court is authorized to review all compensation that a debtor's counsel receives. See *Rittenhouse v. Eisen*, 404 F.3d 395 (6th Cir. 2005), cert. denied, 126 S. Ct. 378, 163 L. Ed. 165 (2005). Thus, any payment or agreement considered pursuant to § 329(b) is valid only to the extent it is deemed reasonable by the Court, the burden resting with the attorney to establish that his fees are reasonable. See *In re Geraci*, 138 F. 3d 314 (7th Cir. 1998).

What constitutes a reasonable fee or fee agreement is a question of fact to be determined by the particular factual circumstances of each case, one of the purposes being to protect debtors from attorneys who charge fees that are unreasonable. *In re Kisseberth*, 273 F. 3d 714 (6th Cir. 2001).

When the Bankruptcy Court evaluates compensation, the Court determines whether the debtor received the services for which he or she bargained. "Clients come to attorneys for a service. Where the service is not provided, or provided poorly, they should not be required to pay for the service, regardless of the validity of the excuse offered". *In re LaFrance*, 311 B.R. 1, 25 (Bankr. D. Mass. 2004)

The $899 paid by the Debtor to Ms. Khouri is not a reasonable fee for the services rendered in this case. This is especially true when Counsel did not attend the meeting of creditors, has not responded to a Motion to Dismiss and has not responded to a reasonable request for information.

## IV. CONCLUSION

THEREFORE, the United States Trustee respectfully requests that, pursuant to 11 U.S.C. § 329(b), the fees charged in this matter be reviewed and ordered disgorged in full, and for any further

---

[1] See *In re Kisseberth,* 273 F.3d 714, 721 (6th Cir. 2001). See also, *In re Koliba*, 338 B.R. 48, 50 (N.D.Ohio 2006)("Inherent in this authority is the power of a bankruptcy court to issue sanctions, including the disgorgement of fees, both in full and in part, when an attorney fails to satisfy the requirements of the Bankruptcy Code and Rules.").

relief that this Honorable Court believes is just and appropriate in these circumstances.

Dated: <u>March 7, 2011</u>          Respectfully Submitted:

Daniel M. McDermott
United States Trustee
Region 9

By:    <u>/s/ Monica V. Kindt</u>
Monica V. Kindt (#0073085)
Assistant U.S. Trustee
United States Department of Justice
Office of the United States Trustee
36 East Seventh Street, Suite 2030
Cincinnati, Ohio 45202
Telephone:  (513) 684-6988, ext. 226
Facsimile:  (513) 684-6994
E-mail: <u>monica.kindt@usdoj.gov</u>

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>March 7, 2011</u>, the foregoing MOTION TO REVIEW ATTORNEY FEES was served on the following registered ECF participants, electronically through the Court's ECF System at the e-mail address registered with the Court:

Thomas J. Geygan, Sr., Esq.          Diana Khouri, Esq.
Chapter 7 Trustee                  Attorney for Debtor

And by First Class U.S. Mail:

Alicia Taquilla Stokes           Diana Khouri, Esq.
1714 Cedar Avenue, Apt. 5       6300 Rockside Road, Ste. 204
Cincinnati, Ohio 45224          Cleveland, Ohio 44131

<u>/s/ Monica V. Kindt</u>
Monica V. Kindt